Filed 11/27/13  P. v. Salazar CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E058098 |
| v. | (Super.Ct.No. FWV024654) |
| JOEY PHILLIP SALAZAR, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Richard Schwartzberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric Swenson and Michael Pulos, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Joey Phillip Salazar appeals from an order denying his petition for recall of his indeterminate life term under Penal Code section 1170.126, subdivision (f).[1] His sole issue on appeal is whether being armed with a firearm constitutes "using a firearm" to make a violation of Health and Safety Code section 11370.1, subdivision (a), into a "strike" so as to preclude recall and reconsideration of defendant's sentence pursuant to Penal Code section 1170.126.[2]I

## FACTUAL AND PROCEDURAL BACKGROUND[3]

About 9:00 p.m. on February 15, 2002, Upland Police Officer Nicholas Baclit was on patrol on Randy Street, a neighborhood known for gang problems. From his position, Officer Baclit observed a green Ford Focus, driven by defendant, driving with its high

---

[1] We note that the California Supreme Court has granted review in cases that have found that the trial court's order on a postjudgment petition pursuant to section 1170.126 is a nonappealable order. (See, e.g., *Teal v. Superior Court* (2013) 217 Cal.App.4th 308, review granted July 31, 2013, S211708; *People v. Hurtado* (2013) 216 Cal.App.4th 941, review granted July 31, 2013, S212017, briefing deferred pursuant to rule 8.512(d)(2), Cal. Rules of Court.) Even if we were to conclude it was a nonappealable order, we could consider, in the interest of judicial economy and because of uncertainty in the law, that defendant's appeal is a petition for writ of habeas corpus or petition for writ of mandate. (See *People v. Segura* (2008) 44 Cal.4th 921, 928 fn. 4 [treating appeal from nonappealable order as petition for writ of habeas corpus]; *Drum v. Superior Court* (2006) 139 Cal.App.4th 845, 853 [Fourth Dist., Div. Two] [treating appeal as petition for writ of mandate due to uncertainty in the law].) In *People v. Leggett* (2013) 219 Cal.App.4th 846, 854, the appellate court expressed that when a trial court must determine whether the prior convictions qualify under the resentencing provision, such issue is appealable. We will review defendant's appeal.

[2] All future statutory references are to the Penal Code unless otherwise stated.

[3] The factual and part of the procedural background is taken from this court's opinion in defendant's prior appeal. (*People v. Salazar* (Dec. 15, 2006, E039146) [nonpub. opn.] (*Salazar I*).)

beams on. Officer Baclit followed defendant as he drove into a dead end, made a U-turn, and turned back eastward. He then made a quick left turn onto Fairway Avenue, then another left turn into an alley. The car eventually came to an abrupt stop, and defendant and his unidentified passenger got out of the car and ran. Officer Baclit chased defendant while yelling, "police," and "stop." Defendant failed to obey the officer's orders and continued to run until tackled by the officer. Both fell to the ground. Defendant got up and continued running. Officer Baclit continued chasing defendant, identifying himself as an Upland police officer and telling defendant to stop. Defendant did not stop. Officer Baclit tackled defendant a second time and held him at gunpoint until backup arrived.

Defendant was eventually handcuffed, searched, and taken into custody. In defendant's left front pocket was a large baggie containing five small baggies of methamphetamine. The five baggies were later examined, and it was determined they contained methamphetamine weighing 6.17, 0.75, 0.83, 0.22, and 3.28 grams, respectively. Cash in the amount of $3,301 was also found in defendant's left front pocket. $2,600 was in $100 bills; the rest was in $50 bills and one $1 bill.

A search of the car revealed that it was rented in defendant's name. In addition, a double-barreled 20-gauge shotgun in an unzipped camouflage case was located on the rear seat of the car. This was within reach of the driver. The shotgun was loaded and operable. A loaded .22-caliber Ruger handgun was also found under the right front passenger seat. Officer Baclit noted that the handgun was visible when standing outside of the car with the door shut and window closed.

Officer Baclit opined, based on the quantity of the methamphetamine, the packaging of the methamphetamine, the weapons found in the car, and the totality of the circumstances, that the methamphetamine was possessed for sale. Upland Police Officer James Potts, a member of the narcotics task force, opined that defendant possessed the methamphetamine with the sole intent of selling it. Officer Potts explained that the typical user would have his methamphetamine in one bag, not in different bags of different sizes. Officer Potts further noted that lack of pay/owe sheets did not affect his opinion, as sellers rarely keep pay/owe sheets on their person or in their vehicle and that some dealers do not extend credit. Officer Potts also observed that drug dealers often possess loaded, operable firearms when they are dealing for protection of their money and drugs. (*Salazar I*, *supra*, E039146.)

Following a jury trial in 2005, defendant was convicted of possession of a firearm by a felon (Pen. Code, § 12021, subd. (a)(1), count 1) and possession of a controlled substance while *armed with a firearm* (Health & Saf. Code, § 11370.1, subd. (a), count 3).[4] The trial court thereafter found true that defendant had sustained two prior serious and violent felony convictions within the meaning of Penal Code section 667, subdivisions (b) through (i), and two prior prison terms within the meaning of Penal Code section 667.5, subdivision (b). As a result, defendant was sentenced to a total term of 27 years to life as follows: 25 years to life on count 1, a concurrent term of 25 years to life

---

[4] The jury was unable to reach a verdict on counts 2, 4, and 5, possession of a handgun by a felon, possession of a controlled substance while armed with a handgun, and possession of a controlled substance for sale, respectively. The trial court declared a mistrial as to these counts, and they were later dismissed.

on count 3, and two consecutive terms of one year each for the two prior prison term enhancements. (*Salazar I*, *supra*, E039146.)

On November 6, 2012, the electorate passed Proposition 36, also known as the Three Strikes Reform Act of 2012. (Prop. 36, as approved by voters, Gen. Elec. (Nov. 7, 2012).) Among other things, this ballot measure enacted section 1170.126, which permits persons currently serving an indeterminate life term under the three strikes law to file a petition in the sentencing court, seeking to be resentenced to a determinate term as a second striker. (§ 1170.126, subd. (f).) If the trial court determines, in its discretion, that the defendant meets the criteria of section 1170.126, subdivision (e), the court may resentence the defendant. (§ 1170.126, subds. (f), (g).)

On December 6, 2012, defendant filed in pro. per. a petition for resentencing under section 1170.126. The trial court denied the petition on December 26, 2012, because defendant did not satisfy the criteria set forth in section 1170.126, and found defendant ineligible based on his current commitment offense for possession of a controlled substance while armed with a loaded, operable firearm. (§§ 667, subd. (e)(2)(C)(iii), 1170.126, subd. (e)(2)). Defendant filed a timely notice of appeal.

III

DISCUSSION

Defendant argues that the trial court's denial of his petition to recall his sentence was erroneous as a matter of law because being armed with a firearm when committing an offense is not a serious or violent felony under Penal Code sections 667.5, subdivision (c), or 1192.7. Although possession of a controlled substance while armed

5

with a firearm in violation of Health and Safety Code section 11370.1 is not a serious or violent felony as defined in Penal Code sections 667.5, subdivision (c), and 1192.7, defendant was still ineligible for resentencing under Penal Code section 1170.126, subdivision (e)(2).

Proposition 36 amended the three strikes statutes (§§ 667, 1170.12) to require that before a defendant may be sentenced to an indeterminate life term in prison under the three strikes law, the new felony (the commitment offense) must generally qualify as a serious or violent felony.  (§§ 667, subd. (e)(2)(A), (C), 1170.12, subd. (c)(2), (C).)  An exception to this general rule exists, among others, where the prosecution has pled and proved the defendant used a firearm in the commission of the current offense, was *armed* with a firearm or deadly weapon, or intended to cause great bodily injury to another. (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii).)  If the prosecution pleads and proves this exception exists, the defendant must be sentenced under the three strikes law.

Proposition 36 also added section 1170.126, which applies exclusively to those "persons presently serving an indeterminate term of imprisonment pursuant to paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of subdivision (c) of Section 1170.12, whose sentence under this act would not have been an indeterminate life sentence."  (§ 1170.126, subd. (a).)  Section 1170.126 sets forth a procedure through which certain prisoners can petition the court for resentencing.  Such a person may file a petition to recall his or her sentence and be sentenced as a second strike offender. (§ 1170.126, subd. (b).)  An inmate is eligible for such resentencing if none of his or her commitment offenses constitute serious or violent felonies *and* none of enumerated

6

factors disqualifying a defendant for resentencing under Proposition 36 apply. (§ 1170.126, subd. (e).)

Section 1170.126, subdivision (e)(1), provides that a defendant is eligible for resentencing if he or she is serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or subdivision (c) of Section 1170.12 "for a conviction of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7." (§ 1170.126, subd. (e)(1).) We agree with defendant that his current commitment felony offense of possession of a controlled substance while armed with a loaded, operable firearm is not a serious or violent felony under sections 667.5, subdivision (c), or 1192.7, subdivision (c). However, the inquiry does not end with whether or not the current conviction is a serious or violent felony.

Section 1170.126, subdivision (e)(2), provides, as pertinent here, that a defendant is eligible for resentencing if "[t]he inmate's current sentence was *not* imposed for any of the offenses appearing in clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12." (§ 1170.126, subd. (e)(2), italics added.) Being armed with a firearm during the commission of a current offense is listed in section 667, subdivision (e)(2)(C)(iii), and section 1170.12, subdivision (c)(2)(C)(iii). It is undisputed here that defendant was armed with a loaded, operable firearm during the commission of his current commitment offense of possession of methamphetamine. As such, under section 1170.126, subdivision (e)(2), defendant

7

was ineligible for resentencing based on the fact that defendant was armed with a firearm during the commission of the current felony offense.

Defendant, however, argues that possession of a controlled substance while armed with a firearm under Health and Safety Code section 11370.1, subdivision (a), is not a violent felony listed in section 667.5 or a serious felony enumerated in section 1192.7 and, therefore, the trial court erred as a matter of law in concluding he was ineligible to have his three strikes sentence recalled. He asserts that because his petition to recall his sentence complied with section 1170.126, subdivision (e)(1), and his current offense was neither a serious nor violent felony, the trial court's conclusion that he was ineligible "for recall of the sentence based upon a violation of Health and Safety Code section 11370.1 because he had been armed with a firearm was erroneous as a matter of law." Defendant's argument lacks merit and fails to take into account the criteria set forth in section 1170.126, subdivision (e)(2). An inmate is eligible for such resentencing if none of his or her commitment offenses constitute serious or violent felonies *and none of the enumerated factors* disqualifying a defendant for resentencing under Proposition 36 apply. (§ 1170.126, subd. (e).)

The threshold eligibility determination is made by applying express objective criteria to information set forth in the petition filed by the inmate: Is the inmate currently serving a third strike life term? Is that life term for conviction of a felony or felonies that are not defined as serious or violent felonies by sections 667.5, subdivision (c), or 1192.7, subdivision (c)? If the current felony is not a serious or violent offense, was the current sentence imposed for any of the offenses listed in sections 667, subdivision (e)(2)(C)(i)–

(iii), or 1170.12, subdivision (c)(2)(C)(i)–(iii)?  Are any of the inmate's prior convictions for felonies listed in sections 667, subdivision (e)(2)(C)(iv), or 1170.12, subdivision (c)(2)(C)(iv)?

Hence, even if a defendant can show that his or her current felony is not a serious or violent offense, as in this case, defendant still needs to satisfy the criteria set forth in subdivision (e)(2) of section 1170.126.  Here, defendant's current sentence was imposed under sections 667, subdivision (e)(2)(C)(iii), and 1170.12, subdivision (c)(2)(C)(iii), because the prosecution pled and proved defendant was armed with a firearm when he committed the crime of possession of methamphetamine.  And, as previously explained, Proposition 36's amendment to the three strikes statutes to require the commitment offense be a serious or violent felony does not apply in cases where the prosecution has pled and proved the defendant was armed with a firearm or deadly weapon.  (§§ 667, subds. (e)(2)(A), (C)(iii), 1170.12, subds. (c)(2), (C)(iii).)

Accordingly, we find the trial court did not err in finding defendant was ineligible for resentencing under section 1170.126.

II

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ

P. J.

We concur:

RICHLI

J.

CODRINGTON

J.